UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ALBERT CONRAD SPEED and FAYE SPEED, as Personal Representatives OF THE ESTATE OF ALBERT JAMES SPEED, } } } } } | |
| Plaintiffs, } } | Case No.: 2:16-cv-01109-MHH |
| v. } } | |
| GESTAMP NORTH AMERICA, INC., et al., } } } | |
| Defendants. } | |

## MEMORANDUM OPINION AND ORDER

This is a products liability action. On March 4, 2016, Albert James Speed was crushed to death at work. (Doc. 1-5, p. 16, ¶ 16).[1] Mr. Speed worked for defendant Gestamp Alabama, LLC in McCalla, Alabama. (Doc. 1-5, p. 13, ¶ 14). Gestamp designs, develops, and manufactures automotive components using transfer dies. (Doc. 1-5, p. 11, ¶¶ 4, 6).[2] Plaintiffs Albert Conrad Speed and Faye Speed contend that defendant Betz Industries, Inc. designed and manufactured the

---

[1] To avoid confusion, because this action involves Albert James Speed and Albert Conrad Speed, the Court will refer to decedent Albert James Speed as Mr. Speed.

[2] The Speeds have named two Gestamp defendants in this case, Gestamp North America, Inc. and Gestamp Alabama, LLC. (Doc. 1-5, p. 11, ¶¶ 3–4). References in this opinion to Gestamp are references to Gestamp Alabama, LLC.

1

component part of the transfer die that purportedly failed and caused Mr. Speed's fatal injuries. (Doc. 1-5, pp. 10-20).

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure—or, alternatively, Rule 12(b)(5)—Betz Industries, a Michigan corporation, asks the Court to dismiss the claims against the company for lack of personal jurisdiction. (Doc. 9). The Speeds argue that they cannot respond meaningfully to Betz's motion unless the Court permits limited jurisdictional discovery. (Doc. 18). For the reasons stated below, the Court grants the Speeds' motion for leave to conduct limited jurisdictional discovery.

## I.     FACTUAL BACKGROUND

On March 24, 2015, a 27,770 pound transfer die fell on Mr. Speed at work; it crushed him to death. (Doc. 1-5, pp. 14–16, ¶ 16). A transfer die is "a very large and heavy stamping" device that is placed in a stamping press. (Doc. 1-5, p. 14, ¶ 16). The stamping press uses hydraulic pressure to form sheet metal into automotive components. (Doc. 1-5, p. 14, ¶ 16). During the stamping process, Gestamp employees have to change transfer dies to create different components. (Doc. 1-5, ¶¶ 15–16).

Using "overhead lifting cables attached to a crane hoist," employees move dies in and out of the stamping press. (Doc. 1-5, p. 15, ¶ 16). The Speeds allege that the transfer die at issue in this case fell because "a retaining/lifting pin failed to

remain engaged" in the transfer die. (Doc. 1-5, p. 16, ¶ 16). The Speeds assert that Betz "designed, built, manufactured, tested and sold" the transfer die that killed Mr. Speed. (Doc. 1-5, pp. 11–12, ¶ 6).

According to Betz, it only "pour[s] iron castings using patterns supplied by its customers, or according to customer-supplied design specifications." (Doc. 9, p. 3). Here, Betz alleges that it produced and shipped iron castings to defendant Northwest Tool & Die Company, Inc., in accordance with Northwest's specifications. (*See* Doc. 9, pp. 4). After creating the castings, Betz contends that it had "no control over how those castings [were] utilized, assembled, machined, marketed, sold, resold, or distributed." (Doc. 9, p. 3).

On August 5, 2016, pursuant to Rule 12(b)(2), Betz filed a motion to dismiss for lack of personal jurisdiction. (Doc. 9). Betz argues that its contacts with Alabama are not sufficient for the Court to exercise personal jurisdiction over the company. (Doc. 9). Betz maintains that it has no Alabama employees, offices, or repair facilities. The company contends that it performs work exclusively in Michigan. (Doc. 9, p. 3; Doc. 9-1). Similarly, Betz asserts that it is not licensed or registered to do business in Alabama, and it does not have a telephone or facsimile number, mailing address, or bank account in Alabama. (Doc. 9, pp. 3–4). As it relates to this case, Betz contends that its "activities began and ended in . . .

Michigan, and the work performed by Betz simply has no nexus with . . . Alabama."  (Doc. 9, p. 4).

## II.  DISCUSSION

The Speeds have asked the Court to allow them to conduct jurisdictional discovery.  (Doc. 18).  In their proposed requests for production, the Speeds seek to obtain from Gestamp "correspondence, emails, invoices, contracts or any other tangible items . . . relating to [Betz's] communications with [Gestamp] regarding [Betz's] operations in the State of Alabama."  (Doc. 18-1, p. 1).  Betz opposes the Speeds' effort to conduct jurisdictional discovery.  (Doc. 15, pp. 13–15).

In *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1997), the Eleventh Circuit Court of Appeals recognized that "[r]esolution of a pretrial motion that turns on findings of fact—for example, a motion to dismiss for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2)—may require some limited discovery before a meaningful ruling can be made."  The Eleventh Circuit and, in a decision binding on this court, the Fifth Circuit have permitted jurisdictional discovery relating to subject matter jurisdiction.  *See*, *e.g.*, *MajdPour v. Georgiana Cmty. Hosp., Inc.*, 724 F.2d 901, 903 (11th Cir. 1984) ("Although the plaintiff bears the burden of proving the court's jurisdiction, the plaintiff should be given the opportunity to discover facts that would support his allegations of jurisdiction."); *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727 (11th Cir. 1982);

4

*Blanco v. Carigulf Lines*, 632 F.2d 656, 658 (5th Cir. 1980).[3] In fact, in *Blanco*, the Fifth Circuit held that a district court erred by dismissing an action when the defendants had not responded to the plaintiff's discovery requests concerning jurisdiction. *Blanco*, 632 F.2d at 657.

Through an affidavit, Betz has denied all contacts with Alabama. (Doc. 9-1). "A plaintiff is not required to rely exclusively on a defendant's affidavit for resolution of a jurisdictional issue." *Blanco*, 632 F.2d at 658. Therefore, the Court grants the Speeds' request for limited jurisdictional discovery.

## III. CONCLUSION

For the reasons discussed above, the Court **GRANTS** the Speeds' motion for leave to conduct limited jurisdictional discovery. Gestamp shall answer the plaintiffs' request for production of documents within 21 days. Within 14 days of receipt of Gestamp's discovery responses, the plaintiffs shall supplement their opposition to Betz's motion to dismiss.

**DONE** and **ORDERED** this March 20, 2017.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

---

[3] In *Bonner v. Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on October 1, 1981.

5