UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ALBERT CONRAD SPEED and FAYE SPEED, as Personal Representatives OF THE ESTATE OF ALBERT JAMES SPEED, <br><br>     Plaintiffs, <br><br> v. <br><br> GESTAMP NORTH AMERICA, INC., et al., <br><br>     Defendants. | Case No.: 2:16-cv-01109-MHH |

# MEMORANDUM OPINION

On June 16, 2016, plaintiffs Albert Conrad Speed and Fay Speed, as personal representatives of the Estate of Albert James Speed, filed a wrongful death lawsuit against defendants Gestamp North America, Inc.; Gestamp Alabama, LLC; Northwest Tool & Die Company, Inc.; and Betz Industries. (Doc. 15, pp. 10-20).[1] The Speeds assert claims against the defendants for violation of the Alabama Extended Manufacturer's Liability Doctrine (AEMLD), negligence, and wantonness.

The Clerk of Court entered default on May 24, 2017 against defendant Northwest Tool & Die Company, Inc. because Northwest Tool & Die has not

---

[1] On June 16, 2017, the Court entered judgment as a matter of law in favor of Gestamp Alabama, LLC on all of the Speeds' claims and dismissed Gestamp Alabama, LLC as a party to this action. (Doc. 53). On July 14, 2017, the Court dismissed the Speeds' claims against Betz Industries for lack of personal jurisdiction. (Doc. 55).

responded to the Speeds' complaint. (Doc. 50). The Speeds now ask the Court to enter default judgment against Northwest Tool & Die. (Doc. 60). For the reasons discussed below, the Court grants the Speeds' motion for default judgment.

I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 establishes a two-step procedure for obtaining a default judgment against a defendant who has not appeared after being properly served with a complaint. First, when a defendant fails to defend a lawsuit, as in this case, the Clerk of Court may enter a clerk's default. FED. R. CIV. P. 55(a). Second, after entry of the clerk's default, if the defendant is not an infant or an incompetent person, the Court may enter a default judgment against the defendant because of the defendant's failure to appear or defend. FED. R. CIV. P. 55(b)(2). "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." FED. R. CIV. P. 54(c).

"A motion for default judgment is not granted as a matter of right." *Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1356 (S.D. Ga. 2004) (internal footnote omitted). After a clerk enters a default pursuant to Rule 55(a), the Court must review the sufficiency of the complaint and the substantive merits of the complaint to determine whether a moving party is entitled to default judgment. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n. 41 (11th Cir. 1997). The Court must ensure that the well-pleaded allegations in the complaint state a substantive cause of action and that a sufficient basis exists in the pleadings for the

relief sought.  *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005).  In addition to the pleadings, the Court may consider evidence presented in the form of an affidavit or declaration.  *Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1362 (N.D. Ga. 2011).  A defaulting defendant "admits the plaintiff's well-pleaded allegations of fact" for purposes of liability.  *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (internal quotation marks omitted)).

## II. FACTS & ALLEGATIONS

On March 24, 2015, a 27,770 pound transfer die fell on Albert James Speed while he was working for Gestamp Alabama, LLC in McCalla, Alabama.  (Doc. 1-5, pp. 14-16, ¶¶ 13-14, 16).  The transfer die that fell on Albert James Speed crushed him to death.  (Doc. 1-5, pp. 14-16, ¶¶ 13-14, 16).

Gestamp designs, develops, and manufactures automotive components using transfer dies which are "very large and heavy stamping" devices that are placed in a stamping press.  (Doc. 1-5, p. 11, ¶¶ 4, 6; Doc. 1-5, p. 14, ¶ 16).  The stamping press uses hydraulic pressure to form sheet metal into automotive components.  (Doc. 1-5, p. 14, ¶ 16).  During the stamping process, Gestamp employees change transfer dies to create different components.  (Doc. 1-5, ¶¶ 15-16).  Using "overhead lifting cables attached to a crane hoist," employees move dies in and out of the stamping press. (Doc. 1-5, p. 15, ¶ 16).  The Speeds allege that the transfer die at issue in this case fell because "a retaining/lifting pin failed to remain engaged" in the transfer die.  (Doc. 1-

3

5, p. 16, ¶ 16). In their complaint, the Speeds allege that defendant Northwest Tool & Die "designed, manufactured, sold, installed, repaired, and/or inspected" the transfer die that fell on their son. (Doc. 1-5, p. 11, ¶ 5).[2]

## III. DISCUSSION

### A. Subject Matter Jurisdiction

The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. Albert James Speed was an Alabama citizen. (*See* Doc. 25-2, ¶ 7). Therefore, the plaintiffs, as representatives of Albert James Speed's estate, are Alabama citizens. *See* 28 U.S.C. § 1332(c)(2) ("[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent."). The defendants are citizens of Delaware and Michigan. (Doc. 1, pp. 5-6). Accordingly, the parties are completely diverse.

The Court finds that the Speeds assert a claim in excess of $75,000. Under Alabama law, a plaintiff may recover only punitive damages in a wrongful death action. *Trott v. Brinks*, 972 So. 2d 81, 84 (Ala. 2007). Punitive damages are entirely within the discretion of the jury under Alabama law, subject to the trial court's post-verdict *de novo* review. *Bishop v. Chilton County*, 990 So. 2d 287, 290 (Ala. 2008) (an "'award of punitive damages is within the sound discretion of the jury, considering all attendant circumstances . . . The jury's award is to punish the

---

[2] The Court has found nothing in the record that explicitly states that the decedent is the son of Albert Conrad Speed and Faye Speed; however, intervener The Phoenix Insurance Company has indicated that Albert James Speed had no dependents. (Doc. 19, p. 2). Therefore, the Court deduces that Albert Conrad and Faye Speed are the parents of Albert James Speed.

wrongdoer based upon the enormity of the wrong to the plaintiff, as well as the necessity to prevent similar wrongs from being committed in the future.'") (quoting *Roberson v. Ammons,* 477 So. 2d 957, 961 (Ala. 1985)); *see also* Ala. Code § 6-11-23 (*de novo* trial court review of punitive damages awards).

In a situation like this in which the only measure of damages is within a jury's discretion, the Court may rely on "judicial experience and common sense" to conclude that more than $75,000 is in controversy. *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010). This Court's experience and common sense, informed by reasonable deductions based on the nature of the conduct alleged and the nature of wrongful death recoveries under Alabama law, convince the Court that more likely than not more than $75,000 is in controversy in this action. *See Roe*, 613 F.3d at 1066 (11th Cir. 2010) (finding that "judicial experience and common sense dictate that the value" of a plaintiff's wrongful death claims under Alabama law "more likely than not exceeds the minimum jurisdictional requirement" for diversity of citizenship jurisdiction); *Nelson v. Whirlpool Corp.*, 668 F. Supp. 2d 1368, 1375-76 (S.D. Ala. 2009) ("Few things would defy common sense more completely than insisting that a suit for wantonly killing a human being [--] in which the damages are designed to vindicate 'the Divine concept that all human life is precious,' the plaintiff may explicitly argue 'the value of life itself,' and the jury is expected to consider 'the finality of death' in assessing damages [--] does not place more than $75,000 in controversy.").

5

## B. Personal Jurisdiction

A default judgment is valid only when a district court has personal jurisdiction over the defendant. *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1217 (11th Cir. 2009) ("An *in personam* judgment entered without personal jurisdiction over a defendant is void as to that defendant.") (internal quotation marks, citation, and alteration omitted); *Rash v. Rash*, 173 F.3d 1376, 1381 (11th Cir. 1999) ("A defendant may defeat subsequent enforcement of a default judgment in another forum by demonstrating that the judgment issued from a court lacking personal jurisdiction even if the court entering the default determined that it had personal jurisdiction over the defendant.").

In their complaint, the Speeds allege that Northwest Tool & Die "designed, manufactured, sold, installed, repaired, and/or inspected" the transfer die that fell on and killed Mr. Speed. (Doc. 1-5, p. 11, ¶ 5). The Speeds also allege that the Court has personal jurisdiction over Northwest Tool & Die. (Doc. 1-5, ¶ 11). For purposes of ruling on the motion for default judgment only, the Court accepts as true the Speeds' contention.

## C. Liability

### 1. AEMLD

To state a claim under the AEMLD, a plaintiff must allege facts plausibly suggesting:

>that an injury was caused by one who sold a product in a defective condition that made the product unreasonably dangerous to the ultimate user or consumer; that the seller was engaged in the business of selling such a product; and that the product was expected to, and did, reach the user without substantial change in the condition in which it was sold.

*Bell v. T.R. Miller Mill Co., Inc.*, 768 So. 2d 953, 957 (Ala. 2000). The Speeds allege that Northwest Tool & Die sold the transfer die "in a defective or unreasonably dangerous condition;" that Northwest Tool & Die "reasonably expected" that the die "would reach consumers or users . . . without substantial change in the condition in which it was designed, manufactured, built, assembled, inspected and/or distributed;" and that when Albert James Speed died, the transfer die "was in substantially the same design and condition as it was on the date of manufacture and original sale or distribution." (Doc. 1-5, ¶¶ 22-24, 31). These allegations provide an adequate basis for the Speeds' AEMLD claim against Northwest Tool & Die.

### 2. Negligence

To state a claim for negligence under Alabama law, a plaintiff must allege: "(1) a duty to a foreseeable plaintiff; (2) a breach of that duty; (3) proximate causation; and (4) damage or injury." *Hilyer v. Fortier*, --- So. 3d ----, 2017 WL 65346, at *7 (Ala. Jan. 6, 2017). In the complaint, the Speeds state that Northwest Tool & Die "negligently designed, manufactured, built, assembled, inspected, and sold or distributed the [t]ransfer [d]ie in a defective or unreasonably dangerous condition." (Doc. 5-1, ¶ 31). The Speeds also contend that Northwest Tool & Die "negligently failed to warn of the potential hazards associated with the use of its product and

7

negligently failed to issue a notice of the hazard or recall regarding the hazard" and that Northwest Tool & Die "negligently failed to include necessary safety precautions" in the transfer die to prevent the die from falling on Albert James Speed. (Doc. 5-1, ¶¶ 32-33). The Speeds state that Albert James Speed was injured "as a direct and proximate consequence of" Northwest Tool & Die's negligence. (Doc. 1-5, ¶ 34). These allegations suffice to state a claim for negligence under Alabama law.

### 3. Wantonness

To state a claim for wantonness under Alabama law, a plaintiff must allege facts showing that "the defendant, with reckless indifference to the consequences, consciously and intentionally" committed a "wrongful act or omitted some known known duty" that proximately caused plaintiff's alleged injury. *See Lemley v. Wilson*, 178 So. 3d 834, 841-42 (Ala. 2015).

The Speeds allege that Northwest Tool & Die "wantonly designed, manufactured, built, assembled, inspected, and sold or distributed the [t]ransfer [d]ie in a defective or unreasonably dangerous condition" and that Northwest Tool & Die "should have known that failing to design a reasonably safe product could result in severe injury to the expected or intended users." (Doc. 1-5, ¶¶ 36-37). The Speeds also maintain that Northwest Tool & Die "wantonly failed to warn of the potential hazards associated with the use of its product and wantonly failed to issue a notice of the hazard or recall regarding the hazard." (Doc. 1-5, ¶ 38). According to the Speeds, Northwest Tool & Die's failure "to include necessary safety precautions and guards in

its design" or to provide safety devices on the transfer die that meet industry standards "evidences a reckless disregard for the safety of intended users." (Doc. 1-5, ¶ 39). The Speeds state that Albert James Speed was injured "[a]s a direct and proximate consequence" of Northwest Tool & Die's wanton actions. (Doc. 1-5, ¶ 40). These allegations provide an adequate basis for the Speeds' wantonness claim against Northwest Tool & Die.

## IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** the Speeds' motion for default judgment against Northwest Tool & Die. (Doc. 60). The Court **SETS** the issue of damages for a hearing at **2:00 p.m.** on **November 2, 2017** in Courtroom 7B, Hugo L. Black United States Courthouse, 1729 5th Avenue North, Birmingham, AL 35203. The plaintiffs shall be prepared to present evidence that will allow the Court to assess punitive damages in an amount that comports with due process. *See TXO Prod. Corp. v. Alliance Res. Corp.*, 509 U.S. 443 (1993); *Pacific Mut. Life Ins. Co. v. Haslip,* 499 U.S. 1 (1991).

During the hearing, the parties shall please be prepared to discuss defendant Gestamp North America, Inc.'s motion for summary judgment. (Doc. 58).

The Court asks the Clerk to please mail a copy of this order to Northwest Tool and Die Company, Inc. at the following addresses:

- 5460 Executive Parkway SE, Grand Rapids, MI 49512-5510
- 3260 Eagle Park Drive, NE, #115, Grand Rapids, MI 49525, and

9

- 3752 8th Avenue, Hudsonville, MI 49426.

    **DONE** and **ORDERED** this October 18, 2017.

                                    _____
                                    **MADELINE HUGHES HAIKALA**
                                    UNITED STATES DISTRICT JUDGE